IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-07-44 (1) |
| | § | |
| GARY LOUIS PORTER. | § | |

**ORDER CONSTRUING MOTION AS A
MOTION PURSUANT TO 18 U.S.C. § 3582(C)(2) AND
ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**

Pending before the Court is Gary Louis Porter's ("Porter") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 30), which was received by the Clerk on March 10, 2008. Although Porter styles his motion as being brought under § 2255, it is more properly construed as a motion pursuant to 18 U.S.C. § 3582(c)(2). However construed, Porter's motion is subject to dismissal because the recent amendments to the sentencing guidelines upon which he relies do not entitle him to relief. The first amendment, although retroactive, would not result in a lower offense level or lower sentence for Porter, even if the Court were to resentence him. The second amendment is not retroactive and so Porter cannot utilize it to seek resentencing.

For these reasons, discussed in more detail below, the Court DENIES Porter's motion.

## I. FACTS AND PROCEEDINGS

### A.    Facts of the Offense

On several occasions, a cooperating witness (CW) contacted Gary Louis Porter for the purpose of arranging a controlled purchase of drugs from Porter. In the first instance, Porter met with the CW at a parking lot in Corpus Christi, Texas, as arranged, where Porter provided the CW with 28 grams of cocaine in exchange for $480. On the second occasion, the CW purchased 27.43 grams of

cocaine base for $575 from Porter.  On two other occasions, while Porter was under surveillance, the CW purchased 23.40 grams of cocaine from Porter in exchange for $500, and 29.75 grams of cocaine for $475.   (Presentence Investigation Report ("PSR") at ¶¶ 4-7.)

On January 11, 2007, a search and arrest warrant was executed at Porter's residence at 902 Hancock in Corpus Christi, Texas.  Additionally, Porter's vehicle, where he was located and arrested, was also searched.  A loaded .22 caliber Derringer was found inside the driver's front floorboard area of his vehicle.  Officers also recovered ten other firearms from Porter's residence and found various amounts of cocaine, crack cocaine, and methamphetamine in and on top of a gun safe in his master bedroom.  (PSR at ¶¶ 8-9.)

## B.      Criminal Proceedings

On February 6, 2007, Porter was charged in a single-count indictment with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (D.E. 9.) On March 13, 2007, Porter pleaded guilty pursuant to a written plea agreement. (D.E. 16, 17.)  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that Porter receive the maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. (D.E. 17 at ¶¶ 1-2.) The plea agreement, which contained a voluntary waiver of Porter's right to appeal and to file a § 2255 motion  (D.E. 16 at ¶ 7), was signed by both Porter and his counsel.  (D.E. 16 at 5.)

Sentencing was held on July 19, 2007.  The Court determined that Porter's guideline range was 121-151 months.  The government recommended the top end, 151 months.  The Court sentenced Porter to 145 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and also imposed a $200 fine and a $100 special assessment. (D.E. 26, 27.)

Judgment of conviction and sentence was entered July 24, 2007.  (D.E. 27.)  Consistent with his waiver of appellate rights, Porter did not appeal.  The Clerk received from Porter the instant motion on March 10, 2008. (D.E. 30.)

## II.  MOVANT'S ALLEGATIONS

In his motion, Porter lists only two grounds for relief.   First, he argues that United States Sentencing Guidelines ("U.S.S.G.") Amendment 706, which altered the offense levels for some offenses involving crack cocaine or cocaine base, should result in a reduction in his offense level by two levels.  Second, he claims that, based on Clarifying Amendment 709, his criminal history category should be adjusted to a Category II instead of a Category III.  Based on the foregoing, he asks for resentencing and argues that his guideline range should be 97 to 121 months.  He also argues that, at any resentencing, the Court should take into consideration his rehabilitation while incarcerated.

## III.  DISCUSSION

### A.      Construction of Motion

The Court's first task is to determine how best to construe Porter's motion.  Although he has labeled it as a motion pursuant to 28 U.S.C. § 2255, he waived his right to file any § 2255 motion. (See D.E. 16 at ¶ 7.)  Thus, if the Court were to treat his motion as a § 2255 motion, his waiver (assuming it is enforceable) would bar his claims.

Even absent his waiver, moreover, claims that a Court misapplied the sentencing guidelines are not cognizable in a motion under 28 U.S.C. § 2255.  See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines

is not a cognizable claim in a § 2255 motion).  For these reasons, Porter is likely not entitled to any relief under § 2255.

The more appropriate vehicle for the relief Porter seeks is a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  This statute permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the federal sentencing guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  Accordingly, rather than treat his motion as a § 2255 motion,[1] the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).

Regardless of the construction of his motion, however, Porter's claims do not entitle him to relief.

**B.      Claim for Relief Pursuant to Amendment 706**

Porter's first claim seeks a reduced sentence in reliance on Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G.").  Amendment 706 reduces the offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances.  It was designed to reduce the "unwarranted disparity" between sentences for crack and sentences for powder cocaine.  See Press Release, U.S. Sentencing Commission, "U.S. Sentencing Commission Votes Unanimously to  Apply

---

[1]  Construing his motion as a § 2255 motion would also impair Porter's ability to file any subsequent § 2255 motion. That is, if the Court construed the instant motion as one under § 2255, Porter would be required to obtain the approval of the Fifth Circuit before he would be permitted to file a second or successive § 2255 motion, and would have to establish certain grounds in order to obtain that approval.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007) (*available* at http://www.ussc.gov/PRESS/rel121107.htm).  Amendment 706 was made retroactive as of March 3, 2008 by Amendment 711.

In this case, Porter's base offense level was determined based on a number of different drugs, including crack cocaine.  Specifically, his Presentence Investigation Report ("PSR") states that he was held accountable for "123.86 grams of cocaine, 81.82 grams of cocaine base and 5.72 grams of methamphetamine." (PSR at ¶ 20.)  Because different drugs were involved, the drugs were converted to marijuana equivalents of "24.77 kilograms, 1,636.40 kilograms, and 11.44 kilograms respectively." (Id.)  This resulted in a total of 1,672.61 kilograms of marijuana, which calls for a base offense level of 32.  (Id.)

Although Porter was sentenced, in part, based on crack cocaine, Porter would not benefit from the retroactive application of Amendment 706 because even under the new amendments, his offense level would not change.  At the time of sentencing, the 81.82 grams of crack he was held accountable for converted to 1,636.40 kilograms of marijuana.  Under Amendment 706, the crack would now convert to 1,145.48 kilograms.  Thus, the total amount of marijuana equivalent under the new guidelines would be 1,181.69 kilograms, the result of adding 24.77 kilograms, 1,145.48 kilograms and 11.44 kilograms.  (See U.S.S.G. § 2D1.1(c) (drug quantity table) and application note 10(D) (describing how to determine base offense level in offenses involving cocaine base and other controlled substances).)

Porter's offense level of 32 is applicable where the offense involves at least 1,000 kilograms but less than 3,000 kilograms of marijuana.  U.S.S.G. § 2D1.1(c)(4).  Thus, while Porter's total of 1,181.69 kilograms of marijuana under the new guidelines is admittedly lower than the total for which

5

he was sentenced (1,672.61 kilograms), it still results in the same offense level of 32. Put differently, Guideline Amendment 706 does not alter Porter's base offense level.

Because Guideline Amendment 706 would not alter Porter's offense level, nor consequently his guideline range, he is not entitled to resentencing. See U.S.S.G. § 1B1.10 (authorizing a reduction in sentence under 18 U.S.C. § 3582(c)(2) only if the guideline range applicable to that defendant has been lowered as a result of a retroactive amendment).

Additionally, it is worth noting that the reasons the Court imposed a sentence near the top end of Porter's guideline range did ***not*** include the fact that the amount of drugs involved in the offense was well above the minimum required for the offense level. Instead, the Court indicated that it had considered an upward departure, but settled on a sentence of 145 months based on: (1) Porter's criminal history and the fact that he had many unscored convictions and "run-ins" with the law; (2) the fact that the crime itself was dangerous because it involved a semi-automatic weapon tied to a drug deal; and (3) the Court's finding that Porter was a "particularly dangerous" defendant. (See generally Digital Recording of July 19, 2007 sentencing.) None of those factors are altered by the Amendments upon which Porter relies. Thus, even if the amount of equivalent drugs in the offense had been 1,182.69 kilograms of marijuana instead of 1,672.61 kilograms, the Court would still have imposed a 145-month sentence.

For the foregoing reasons, Porter's request for a reduced sentence under § 3582(c)(2) based on Guideline Amendment 706 is DENIED.

**C.      Claim for Relief Pursuant to Amendment 709**

Porter's second request for a reduction in his sentence relies on Amendment 709. Amendment 709 modified U.S.S.G. § 4A1.2 regarding the method for computing a defendant's criminal history. It was one of a number of amendments which became effective on November 1, 2007, long after Porter was sentenced.

Amendment 709 does not entitle Porter to relief because it is not retroactive. As noted, this Court may reduce Porter's term of imprisonment under § 3582(c)(2) if he was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, but only if the applicable amendment is listed in U.S.S.G. § 1B1.10(c) as eligible for retroactive effect. See U.S.S.G. § 1B1.10; 18 U.S.C. § 3582(c)(2); Boe, 117 F.3d at 831. If an amendment is not listed in U.S.S.G. § 1B1.10(c), a reduction in sentence is not authorized. U.S.S.G. § 1B.10(a); see also United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).

Amendment 709 is not included in U.S.S.G. § 1B1.10(c) as an amendment to be applied retroactively; therefore, it is not retroactive. Other courts that have addressed the issue have reached the same conclusion. See, e.g., United States v. Cofield, 2007 WL 4532938, *1 (4th Dec. 26, 2007) (unpublished) (Amendment 709 is not retroactive); United States v. Wilson, 2008 WL 544973, *1 (D. Minn. Feb. 26, 2008) (collecting authority and noting that "[a]lthough Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable"). Thus, Porter's request for a reduced sentence pursuant to Guideline Amendment 709 is DENIED.

## IV.  CONCLUSION

For the above-stated reasons, Porter's motion under 28 U.S.C. § 2255 (D.E. 30) is construed as a motion pursuant to 18 U.S.C. § 3582(c)(2) and is DENIED.

It is so ORDERED this 31st day of March, 2008.

_____
Janis Graham Jack
United States District Judge